IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

**v.**

**DELENTHEGIA BEARD-HAWKINS,**

**Defendant.** No. 15-cr-30001-DRH-002

**MEMORANDUM and ORDER**

**HERNDON, District Judge:**

Pending before the Court is defendant's confusingly named "Motion for Reconsideration of the Application of Amendment 794; Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) (doc. 332). Specifically, Hawkins

moves the Court to reduce her sentence under Amendment 794 issued by the Sentencing Commission for a "minor role reduction," in that she believes "the evidence plainly demonstrates that she was minimally culpable" for the offense she was charged. Doc. 332 at 4. Despite the use of the word "reconsider," there is no Order in which Hawkins seeks the Court to go back and review[1]; what she asks for is the Court "reconsider" her judgment. After analysis, the Court dismisses for want of jurisdiction her motion.

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. *See Carlisle v. United States*, 517 U.S. 416 (1996). The following post-judgment motions are allowed if timely filed. Under Federal Rule of Criminal Procedure 35, revision is proper only within 14 days, unless the prosecutor files an appropriate motion or the court of appeals remands. A Rule 33 motion for new trial based on new evidence must be brought within three years after the verdict or finding of guilty and a Rule 33 motion for new trial based on other grounds must be brought within 14 days after the verdict or finding of guilty. Lastly, a collateral attack, under 28 U.S.C. § 2255, has a 1 year statute of limitations.

Here, Hawkins does not cite any case law or statute that would allow the

---

[1] Petitioner Hawkins states that she has "previously submitted a motion to this court prior to the decision of the United States Appellate Courts' decision [which she argues application of in her motion], and now seeks for a 'Reconsideration to the Application of Amendment 794.'" The Court has examined the case file and determines such a motion does not exist. Assumedly, Hawkins is referring to her civil 28 U.S.C. section 2255 petition, filed in case number 3:17-cv-01058-DRH.

Court to consider her motion. Criminal Rule 35 is inapplicable because this motion is brought over a year after her sentencing (March 3, 2017) and further, the government did not file a Rule 35(b) motion. Likewise, Rule 33 does not apply because the motion does not appear to be brought on newly discovered evidence and it was not filed within 14 days of the finding of guilty to be timely brought based on reasons other than newly discovered evidence. Therefore, the only other possible procedural avenue that Hawkins could bring this motion is a Section 2255 collateral attack. *See Romandine v. United States*, 206 F.3d 731 (7th Cir. 2000). The defendant is reminded however that her plea agreement, which the Court questioned Hawkins about in open court during her plea, waives any right to appeal the sentence itself or to file a collateral attack on the sentence such as filing a 2255 petition. Therefore, defendant will have to present a lawful reason for the Court to grant her relief in the face of that waiver.

Because the Court finds that Hawkins' motion does not fall under any of the exceptions authorized by statute or rule, the Court lacks jurisdiction to entertain the motion. Accordingly, the Court **DISMISSES for want of jurisdiction** Hawkins' motion for sentence reduction (doc. 332).

The Court notes however, that Hawkins has filed a section 2255 petition under case number 3:17-cv-01058-DRH, which is currently awaiting decision. Without constituting an opinion on the merits of the motion to reduce sentence, the Court suggests that if petitioner Hawkins wishes to pursue her arguments made in

said motion and has a good faith reason for disregarding the terms of her plea agreement, she should file a motion seeking to supplement her section 2255 petition.

**IT IS SO ORDERED.**

Judge Herndon
2018.04.03 12:05:41 -05'00'

**United States District Judge**