IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

v.

**DELENTHEGIA BEARD-HAWKINS,**

**Defendant.**                                                  No. 15-cr-30001-DRH-002

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Pending before the Court is defendant's *pro se* motion for an order of judicial recommendation regarding the length of Residential Re-entry Center ("RRC") placement (doc. 334). On March 3, 2017, the defendant was sentenced by the United States District Court for the Southern District of Illinois to 24 months incarceration (doc. 301). Presently, the defendant is an inmate at the Federal Prison Camp in Alderson, West Virginia ("Alderson"). Defendant asks the Court to enter an order that would allow the Bureau of Prison ("BOP") to place the defendant in half-way housing during the final six to nine months of confinement (doc. 334).[1] Based on the following, the Court dismisses for want of jurisdiction

---

[1] Defendant concludes her motion however requesting July 6, 2018 as her halfway house placement date, which would be six months of RRC placement based on defendant's calculation of being released on January 1, 2019 *with good time*. *See* doc. 334 at 2.

1

the motion.

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. *See Carlisle v. United States*, 517 U.S. 416 (1996). The following post-judgment motions are allowed if timely filed. Under Federal Rule of Criminal Procedure 35, revision is proper only within 14 days, unless the prosecutor files an appropriate motion or the court of appeals remands. Further, a Rule 33 motion for new trial based on new evidence must be brought within 3 years after the verdict or finding of guilty and a Rule 33 motion for new trial based on other grounds must be brought within 14 days after the verdict or finding of guilty. Lastly, a collateral attack under 28 U.S.C. § 2255, which has a 1 year statute of limitations.

Here, defendant does not cite any case law or statute that would allow the Court to consider her motion – particularly, defendant cites to no Seventh Circuit law and further, the majority of what she does cite, does not help establish or bolster her request. Moreover, the post-judgment motions described above are inapplicable.

The Court notes that the BOP (not this Court) is vested with discretion as to the appropriate placement of prisoners in its charge, including placement in pre-release programs such as half-way housing. *See* 18 U.S.C. §§ 3621, 3624(c). Thus, defendant's requests should be directed to the BOP and the administrative processes the BOP has in place. Further, to the extent that defendant seeks to challenge any subsequent decision from the BOP as to her pre-release placement,

such a challenge *might* be appropriately filed as a Section 2241 petition. However, any Section 2241 petition must be filed in the district where the defendant is confined and not in this district. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004).

Accordingly, the Court **DISMISSES for want of jurisdiction** defendant's motion in this criminal case (doc. 334). The Court **DIRECTS** the Clerk of the Court to send defendant a copy of this Order.

**IT IS SO ORDERED.**

Judge Herndon
2018.04.11
20:21:08 -05'00'
United States District Court